UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Julie Melton Mason, | ) | Civil Action No.: 5:15-cv-04963-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Graham Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Julie Melton Mason, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered by filing a return and a motion for summary judgment. *See* ECF Nos. 16 & 17. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West.[1] *See* R & R [ECF No. 35]. The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing Petitioner's § 2254 petition with prejudice. R & R at 2, 30. Petitioner has filed objections to the R & R. *See* Pet.'s Objs. [ECF No. 41].

**Background**[2]

The State of South Carolina indicted Petitioner on two counts of felony driving under the influence (DUI) resulting in death and two counts of felony DUI resulting in great bodily injury. ECF No. 16-1[3] at 72-79. Petitioner pled guilty to one count of felony DUI resulting in death, one count of reckless homicide, and two counts of felony DUI resulting in great bodily injury. *Id.* at 3-25. The state

---

[1]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2]     The R & R thoroughly summarizes the factual and procedural background of this case, with applicable dates and citations to the record. *See* R & R at 2-10.

[3]     ECF No. 16-1 contains the appendix that was before the state courts.

plea court sentenced her to twenty years' imprisonment on the conviction for felony DUI resulting in death, a consecutive sentence of ten years' imprisonment suspended on five years' probation for the reckless homicide conviction, and concurrent terms of fifteen years' imprisonment on the two convictions for felony DUI resulting in great bodily injury.[4]  *Id.* at 25.  Petitioner did not file a direct appeal.

Petitioner filed an application for post-conviction relief (PCR) in state court.  *Id.* at 27-34.  After holding a hearing at which Petitioner and her plea counsel testified, the PCR court denied and dismissed the PCR application with prejudice.  *Id.* at 40-71.  Petitioner filed a *Johnson*[5] petition for a writ of certiorari from the denial of her PCR application, and the South Carolina Supreme Court denied the *Johnson* petition and remitted the case.  *See* ECF Nos. 16-2, 16-3, 16-4, & 16-5.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  Respondent answered by filing a return and a motion for summary judgment.  ECF Nos. 16 & 17.  The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's § 2254 petition with prejudice.  R & R at 2, 30.  After receiving an extension of time, Petitioner filed timely objections to the R & R.  *See* ECF Nos. 37, 38, & 41.  Respondent filed a timely reply to Petitioner's objections.  *See* ECF No. 43.

## Legal Standards

**I.    Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's

---

[4]    The plea court also imposed fines for the DUI convictions.  ECF No. 16-1 at 25.

[5]    *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988) (applying the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), for meritless PCR appeals).

2

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.    Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and

inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

### III.     Federal Habeas Review Under 28 U.S.C. § 2254[6]

Because Petitioner filed her petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of her claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

### Discussion

---

[6] The Supreme Court of South Carolina summarily refused to hear Petitioner's PCR appeal by denying her *Johnson* petition for a writ of certiorari, *see* ECF No. 16-4, so the PCR court's decision is the proper one to evaluate under § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Grueninger v. Dir., Virginia Dep't of Corr.*, 813 F.3d 517, 525-26 (4th Cir. 2016) ("When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then under *Ylst*, a federal habeas court is to 'look through' the unexplained affirmance to examine the 'last reasoned decision' on the claim, assuming that the summary appellate decision rests on the same ground." (quoting *Ylst*, 501 U.S. at 803-04, 806)); *id.* at 525 ("In applying § 2254(d) in this case, we 'look through' the Supreme Court of Virginia's summary refusal to hear Grueninger's appeal and evaluate the Circuit Court's reasoned decision on Grueninger's claim.").

Petitioner alleges five grounds for relief in support of her § 2254 petition alleging plea counsel was ineffective for various reasons. *See* ECF No. 1 at 5; ECF No. 23 at 7-15; R & R at 10-12 (summarizing the five grounds). The Magistrate Judge recommends granting summary judgment on all grounds, concluding that Ground One fails on its merits and that Grounds Two, Three, Four, and Five[7] are procedurally barred. R & R at 22-30. Petitioner objects to the Magistrate Judge's conclusions; the majority of her objections relate to Ground One. *See* Pet.'s Objs. [ECF No. 41].

## I.     Ground One

In Ground One of her § 2254 petition, Petitioner alleges plea counsel was ineffective for "fail[ing] to introduce and examine all evidence" and "by not telling the truth in [the] transcript."[8] ECF No. 1 at 5. The state PCR court rejected this claim by applying the *Strickland* test for ineffective assistance of counsel and finding Petitioner failed to show that counsel was deficient or that she suffered prejudice. ECF No. 16-1 at 70. Of relevance here, the PCR court found (1) plea counsel's PCR testimony credible and Petitioner's testimony not credible, (2) Petitioner failed to meet her burden of proving plea counsel should have obtained her medical records because she did not produce medical records at the PCR hearing, and (3) Petitioner failed to meet her burden of proving plea counsel should have presented character witnesses at the plea hearing because she did not present testimony from any character witnesses at the PCR hearing. *Id.* at 68-70. The Magistrate Judge recommends finding Petitioner has not sustained her burden of proof to show that the PCR court's decision was unreasonable

---

[7] The Magistrate Judge correctly recognized Petitioner did not allege Grounds Two through Five in her original § 2254 petition and raised them for the first time in her response in opposition to Respondent's motion for summary judgment. R & R at 10 n.4 (citing ECF No. 23 at 7-15). The Magistrate Judge found these claims arise from a common core of operative facts as Ground One (the originally presented ground) and allowed Petitioner to amend her petition to add these claims. *See id.* Respondent does not object to the Magistrate Judge's decision to allow Petitioner to amend her petition with Grounds Two through Five.

[8] Petitioner appears to be referring to plea counsel's testimony at the PCR hearing.

or contrary to established federal law.  R & R at 28-30.

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), which applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A habeas petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Because the PCR court addressed the merits of the ineffective assistance claim raised in Ground One, Petitioner must establish under § 2254(d) that the PCR court unreasonably applied *Strickland*. *See, e.g.*, *Rodriguez v. Bush*, 842 F.3d 343, 346 (4th Cir. 2016). The inquiry is therefore "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted).

In her objections, Petitioner argues both plea counsel and PCR counsel were ineffective for failing to present evidence—specifically, character witnesses and medical/dental records—at the plea hearing and the PCR hearing. *See* Pet.'s Objs. at 1-2, 5-7. Initially, the Court notes that to the extent Petitioner is attempting to raise a freestanding claim of ineffective assistance of PCR counsel,[9] such a claim is not cognizable. The AEDPA prohibits a habeas petitioner from bringing a freestanding claim of ineffective assistance of PCR counsel: "The ineffectiveness or incompetence of counsel during

---

[9]     Petitioner claims, "As far as PCR Counsel Arial Mills Jr. his representation for Petitioner fell well below standards for <u>professional</u> norms." Pet.'s Objs. at 9. Citing examples of PCR counsel's alleged ineffectiveness, Petitioner asserts (1) that she "filed a pro-se petition to fire" PCR counsel "because of lack of communication and putting PCR hearing strategy together"; (2) that PCR counsel "never used his knowledge to guide Petitioner to produce . . . witnesses that could have testified" at the PCR hearing; (3) that PCR counsel "fail[ed] to contact th[ese] witnesses even at Petitioner's request"; and (4) that "PCR counsel Mills f[ai]led to provide a foundation to Petitioner's case." *Id.* at 2, 5-6, 9.

6

Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). In *Martinez v. Ryan*, the United States Supreme Court held "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of *a claim of ineffective assistance **at trial**.*" 566 U.S. 1, 9 (2012) (emphasis added).[10] However, accounting for the prohibition in § 2254(i), the Supreme Court reiterated a habeas petitioner cannot bring an independent claim of ineffective assistance of PCR counsel as a ground for relief; rather, the ineffective assistance claim must arise from *trial (or plea) counsel's* inadequacy during the criminal prosecution. *See id.* at 17 (stating "§ 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"); *see also Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding claims of error in state PCR proceedings are not cognizable on federal habeas review). In other words, a habeas petitioner can only assert PCR counsel was ineffective *to the extent that PCR counsel failed to raise a claim of ineffective*

---

[10]     The Supreme Court ruled as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing ***a substantial claim of ineffective assistance at trial*** if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17 (emphasis added). The Fourth Circuit Court of Appeals has summarized the *Martinez* exception as follows:

> *Martinez* held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (alteration in original) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

7

*assistance of trial (or plea) counsel*. Consequently, Petitioner cannot bring a freestanding claim of ineffective assistance of PCR counsel challenging PCR counsel's alleged failure to present evidence, call witnesses, or raise other "specific issues that would have been preserved for the record in PCR court." Pet.'s Objs. at 1-2.

To the extent Petitioner is properly challenging the adequacy of plea counsel's (*not* PCR counsel's) representation, the Court agrees with the Magistrate Judge that plea counsel—who the PCR court found credible—expressed valid strategic reasons for not obtaining Petitioner's medical records and for not presenting character witnesses at the plea hearing. The Magistrate Judge fully sets forth plea counsel's credible PCR testimony on these issues and the basis for the PCR court's reasonable determination that plea counsel was not deficient, *see* R & R at 5-9, 28-30, and the Court sees no reason to repeat the Magistrate Judge's detailed and correct analysis here. Moreover, the Court finds Petitioner cannot demonstrate prejudice because she did not present any of the alleged medical records or call any of the alleged character witnesses at the PCR hearing. The PCR court reasonably concluded that without such evidence, it could not speculate as to what effect such testimony or evidence might have had upon Petitioner's case. *See* ECF No. 16-1 at 69. In sum, the Court finds the PCR court's determinations that plea counsel was not deficient and that Petitioner was not prejudiced are a reasonable application of *Strickland*.

Finally, Petitioner quotes portions of her and plea counsel's testimony at the PCR hearing and contends in conclusory fashion that plea counsel's PCR testimony "shows lack of credibility." Pet.'s Objs. at 3-4, 7-9. However, the PCR court's credibility findings are entitled to great deference, and the Court has no reason to dispute them. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (stating a federal habeas court cannot overturn a state court's credibility finding absent "stark and clear" error).

8

Having conducted a de novo review of Ground One, the Court adopts the Magistrate Judge's recommendation and finds Petitioner has not proven that the PCR court's denial of her claim was contrary to or involved an unreasonable application of clearly established federal law, or that such denial was based on an unreasonable determination of the facts in light of the evidence presented at the PCR hearing. Accordingly, the Court overrules Petitioner's objections concerning Ground One.

**II.     Grounds Two, Three, Four, and Five**

Petitioner also raises four other grounds for federal habeas relief, all of which the Magistrate Judge concluded were procedurally defaulted. *See* R & R at 22-24. As noted above, the majority of Petitioner's objections relate to Ground One. However, Petitioner briefly addresses Grounds Two, Three, Four, and Five in her objections, stating, "As far as Grounds 2 through 5, Petitioner believed that plea counsel fell below an objective standard of reasonableness under prevailing professional norms. Petitioner did raise issues for relief for consideration before state court . . . ." Pet.'s Objs. at 1.

Having conducted a de novo review of the record and Grounds Two through Five, the Court agrees with the Magistrate Judge that all four grounds are procedurally defaulted because they were not presented to the PCR court or to the South Carolina Supreme Court by way of her *Johnson* petition.[11] The Court hereby incorporates by reference the applicable law set forth in the R & R regarding exhaustion, procedural default, and cause and prejudice, *see* R & R at 16-21, and it concludes Petitioner's claims in Grounds Two through Five are procedurally barred from federal habeas review because they were not fairly presented to the South Carolina courts. Moreover, Petitioner has not shown

---

[11]     The Magistrate Judge correctly notes Petitioner did not file a pro se brief in support of the *Johnson* petition (which she could have done under the *Anders* procedure adopted in *Johnson*), and therefore the sole ground presented to the South Carolina Supreme Court was "[w]hether plea counsel's representation failed to meet the requirements of meaningful adversarial testing." R & R at 10 (quoting ECF No. 16-3 at 3).

sufficient cause and prejudice to excuse her default, so the Court cannot consider the merits of her claims. *See Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) ("[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" (quoting *House v. Bell*, 547 U.S. 518, 536 (2006))). Accordingly, the Court overrules Petitioner's objections concerning Grounds Two through Five.

### III.     New Ground Raised in Petitioner's Objections

Petitioner appears to raise a new ground for relief in her objections, alleging plea counsel was ineffective for failing to communicate a plea offer by the State of twenty-five years' imprisonment.[12] *See* Pet.'s Objs. at 1, 3-4, 8. This new claim is improper for two reasons. First, the Court need not consider a claim raised for the first time in a habeas petitioner's objections. *See United States v. Humphreys*, 194 F.3d 1306, 1999 WL 760526, at *1 (4th Cir. 1999) (unpublished table decision) (rejecting the appellant's argument "that the district court abused its discretion when it refused to consider an ineffective assistance of counsel claim [the petitioner] raised for the first time in his objections to the magistrate judge's recommendation"); *Hope v. Cartledge*, No. 6:14-CV-03571-RBH, 2015 WL 4644536, at *4 (D.S.C. Aug. 3, 2015) (declining to address two new ineffective assistance claims that the petitioner raised for the first time in his objections); *Kelley v. Bollinger*, No. 8:12-CV-03008-JMC, 2013 WL 4460155, at *2 (D.S.C. Aug. 15, 2013) (declining to address a new

---

[12]     In support of this claim, Petitioner has submitted a letter that plea counsel allegedly sent her on August 17, 2012 (thirteen days before her plea hearing). *See* ECF No. 41-1. Petitioner alleges in her objections that she did not receive the letter until 2016 (over a year after the PCR hearing). Pet.'s Objs. at 3. The Court notes Petitioner did not present this letter to the PCR court. *See generally Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that [f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." (alteration in original) (internal quotation marks omitted)).

ground—an ineffective assistance claim—that the petitioner first raised in his objections (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992))).

Second, Petitioner's new claim is procedurally defaulted because, like Grounds Two through Five, it was not presented in her *Johnson* petition filed with the South Carolina Supreme Court.[13] Moreover, Petitioner has not shown sufficient cause and prejudice to excuse her default, so the Court cannot consider the merits of her claims. *See Teleguz*, 689 F.3d at 327. In particular, Petitioner cannot show actual prejudice because the plea court imposed an effective prison sentence of twenty years[14]—a more favorable sentence than the twenty-five years allegedly offered by the State. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (explaining that in the context of procedural default, actual prejudice requires a § 2254 petitioner to "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice'" (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986))).

For the foregoing reasons, the Court overrules all of Petitioner's objections and accepts the Magistrate Judge's recommendation to grant Respondent's motion for summary judgment.

## Certificate of Appealability

Petitioner also requests a certificate of appealability. *See* Pet.'s Objs. at 10. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28

---

[13] Plea counsel briefly testified at the PCR hearing about "the offer of 25," *see* ECF No. 16-1 at 61, and the PCR court summarized this testimony in its order denying Petitioner's application. *See id.* at 68. Petitioner quotes some of this testimony in her objections. *See* Pet.'s Objs. at 8. However, the PCR court did not specifically rule on a separate claim for failure to communicate a plea offer of twenty-five years' imprisonment; and in any event, no such claim was presented to the South Carolina Supreme Court in the *Johnson* petition. Thus, the claim is defaulted.

[14] As indicated above, the plea court ran Petitioner's two fifteen-year sentences (for the two felony DUI resulting in great bodily injury convictions) concurrent to her twenty-year sentence (for felony DUI resulting in death) and suspended her ten-year sentence (for reckless homicide) to five years' probation. *See* ECF No. 16-1 at 25.

11

U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record including the petition, the motion for summary judgment, the return and attached exhibits, the R & R, and Petitioner's objections. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 35] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 17] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                s/ R. Bryan Harwell
March 20, 2017                          R. Bryan Harwell
                                        United States District Judge